1  Leslie A. Cohen (SBN: 93698)
   leslie@lesliecohenlaw.com
2  J'aime K. Williams (SBN: 261148)
   jaime@lesliecohenlaw.com
3  LESLIE COHEN LAW, PC
   506 Santa Monica Blvd., Suite 200
4  Santa Monica, CA  90401
   Telephone Number:  (310) 394-5200
5  Facsimile Number:   (310) 394-9280

FILED & ENTERED

APR 27 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

6  [Proposed] Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PHILLIPS CATTLE COMPANY, INC.,<br><br>    Debtor. | Case No. 2:10-bk-25276-BB<br><br>Chapter 11<br><br>**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, AND SCHEDULING FINAL HEARING ON USE OF CASH COLLATERAL**<br><br>Date:  April 22, 2010<br>Time:  2:00 p.m.<br>Place: Courtroom 1475<br>       Edward R. Roybal Federal Building<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

1

The Debtor's Emergency Motion to Approve Use of Cash Collateral filed by Phillips Cattle Company, Inc., debtor and debtor-in-possession herein (the "Debtor"), came on for interim hearing on April 22, 2010. Leslie A. Cohen, Esq., appeared on behalf of the Debtor. Justin E. Rawlins, Esq. appeared on behalf of Wells Fargo Bank, N.A. (the "Lender"). Other appearances were made as noted in the record.

Having considered the Debtor's Motion and all papers on file herein and having heard the argument of counsel and matters presented at the time of hearing, the Court determined to authorize the Debtor's use of "cash collateral" as that term is defined under 11 U.S.C. § 363 ("Cash Collateral") subject to the terms set forth herein as agreed to by the parties present at the hearing. Based on the foregoing, and good cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Debtor is authorized to use Cash Collateral from the April 20, 2010 (the "Petition Date") up to and including May 5, 2010 (from the Petition Date through May 5, 2010, the "Interim Period") solely in accordance and compliance with the terms set forth in the budget attached hereto as Exhibit A and incorporated herein by reference (as may be amended from time to time subject to the consent of the Lender, the "Budget") subject to a 10% variance for each line item set forth in the Budget.

2. Lender is hereby granted a replacement lien under section 361(2) of the Bankruptcy Code (the "Replacement Lien") effective as of the Petition Date, upon all pre-petition assets and all assets of the Debtor's estate not subject to Lender's prepetition liens (except any avoidance actions arising under the Bankruptcy Code) to the extent of any diminution in the value of Lender's interests in prepetition collateral occurring subsequent to the Petition Date on account of the Debtor's use of Cash Collateral. The Replacement Lien shall have the same priority, validity, and extent as the Lender's lien on prepetition collateral, except that the Replacement Lien shall be subordinate to any valid and unavoidable liens on or security interests in existence on the Petition Date. The Replacement Lien granted to Lender is hereby deemed perfected by operation of law, and Lender shall not be required to file financing

1 statements or other documents in any jurisdiction or to take any other action in order to validate
2 or perfect the Replacement Lien.  If Lender shall, in its sole discretion, choose to file financing
3 statements or other documents, or otherwise confirm perfection of such security interests and
4 liens, Lender is hereby authorized to effect such filings and recordations, and all such financing
5 statements or similar documents shall be deemed to have been filed, recorded, or made on the
6 date of entry of this Order.

7       3.      While the Debtor is not aware of any other holder of a valid and
8 unavoidable lien (an "Other Lienholder") against the Cash Collateral, any Other Lienholder, if
9 any, is also granted a replacement lien under section 361(2) of the Bankruptcy Code effective as
10 of the Petition Date, upon all pre-petition assets and all assets of the Debtor's estate not subject
11 to the Other Lienholder's prepetition liens (except any avoidance actions arising under the
12 Bankruptcy Code) to the extent of any diminution in the value of Other Lienholder's interests in
13 prepetition collateral occurring subsequent to the Petition Date on account of the Debtor's use of
14 Cash Collateral.  The replacement lien shall have the same priority, validity, and extent as the
15 Other Lienholder's lien on prepetition collateral, except that the replacement lien shall be
16 subordinate to any valid and unavoidable liens on or security interests in existence on the
17 Petition Date.

18       4.      In addition to the Replacement Lien, the Debtor's obligations to Lender
19 shall constitute an administrative expense to the extent of any diminution in the value of
20 Lender's interests in prepetition collateral occurring subsequent to the Petition Date on account
21 of the Debtor's use of Cash Collateral.  The administrative expense shall be allowable under
22 section 503(b) of the Bankruptcy Code with priority over all other administrative expenses of the
23 kind specified in sections 503(b), 507(a), and 507(b) of the Bankruptcy Code, save and except
24 for: (a) the fees of a trustee appointed in any successor Chapter 7 case (other than for
25 professional fees and expenses) and (b) fees payable to the United States Trustee pursuant to 28
26 U.S.C. § 1930(a)(6) in the Chapter 11 Case.

5.      Not later than two business days from its occurrence, the Debtor shall provide to the Lender and its counsel notice of any material change to the Debtor's operations (including a detailed description of the material change and the Debtor's intentions to address the same).

6.      The Debtor and the Lender shall confer about the Debtor's proposed budget for the period after the final hearing. No later than seven days before the final hearing referenced below (or such later date as the Debtor and the Lender shall agree), the Debtor shall file with the Court a revised budget (the "Extended Budget") and shall indicate to the Court whether the Budget has been approved by Lender. The Extended Budget shall, among other things, (a) identify proposed use of Cash Collateral on a weekly basis, (b) identify cash expenditures during the weeks when such expenditures come due (i.e., items like rent or insurance should be listed on the dates when those items come due rather than as flat weekly amounts), (c) shall identify when cattle are projected to be sold and the projected price for such cattle. Lender may file any objection to the Extended Budget up to two days before the final hearing.

7.      The rights of all parties in interest to seek further relief (including to compel the Debtor to make periodic adequate protection payments or request additional adequate protection) are reserved, and nothing in this Order shall deemed to waive any such rights. The defenses of all parties in interest to any request for relief are similarly reserved. Nothing in this Order shall be construed to be a finding by the Court that Lender's or any Other Lienholder's, if any, interests in the prepetition collateral, including the Cash Collateral, are adequately protected.

8.      There shall be no payment of any pre-petition obligations other than payment of pre-petition payroll to the extent authorized under the Debtor's Emergency Motion For Order Authorizing Payment Of Prepetition Accrued Wages, Salaries, Commissions, Employee Expenses, Workers' Compensation And Employee Benefits And Payment Of Related

4

1 | Taxes And Tax Deposits And Authorizing And Directing Banks To Honor Prepetition Checks
2 | Paid In Ordinary Course.

3    9. A hearing to consider approval of the Agreement on a final basis beyond the Interim Period shall be held on May 5, 2010, at 11:00 a.m. The Debtor shall, by April 23, 2010, mail notice of the final hearing to the United States Trustee, Lender, the Debtors' twenty largest unsecured creditors, any known party that may be affected by the terms of the final order, and any other party requesting notice. Any objection to the relief sought at the final hearing (other than an objection by the Lender) shall be made in writing, set forth with particularity the grounds thereof, and filed with this Court and served so as to be actually received by April 30, 2010. Any replies must be filed with this Court and served so as to be actually received by May 3, 2010.

APPROVED AS TO FORM:

WINSTON & STRAWN, LLP

By:   /s/ Justin E. Rawlins
     Justin E. Rawlins
     Attorneys for Wells Fargo Bank, N.A.

# # #

DATED: April 27, 2010

United States Bankruptcy Judge

5

# EXHIBIT A BUDGET

| | 15 DAY | 30 DAY | 60 DAY |
|---|---|---|---|
| | *Head CT** | | |
| *budget* | *12,500* | *12,750* | *13,000* |
| | **4-20 TO 5-5** | **4-20 TO 5-20** | **4-20 TO 6-20** |
| Milling | 75000 | 153000 | 312000 |
| Yardage | 4688 | 9563 | 19500 |
| Medicine | 9100 | 18200 | 36400 |
| **TOTAL SALES** | **88,788** | **180,763** | **367,900** |
| **COGS** | | | |
| Medicine | 7000 | 14000 | 28000 |
| **Total COGS** | **7,000** | **14,000** | **28,000** |
| **GROSS PROFIT** | **81,788** | **166,763** | **339,900** |
| **OPERATING EXPENSES:** | | | |
| Repairs & Maintenance | 4000 | 8000 | 16000 |
| Utilities | 4300 | 8600 | 17200 |
| Taxes & Licenses | 750 | 1500 | 3000 |
| Stock Water | 250 | 250 | 500 |
| Yard Rent | 3200 | 6500 | 13000 |
| Fuel | 4250 | 8500 | 17000 |
| Nutrition | 600 | 1200 | 2400 |
| Small Tools & Supplies | 625 | 1250 | 2500 |
| Wages: Labor | 31500 | 63000 | 126000 |
| | 0 | 0 | 0 |
| **Total Operating Expenses** | **49,475** | **98,800** | **197,600** |
| **G & A EXPENSES** | | | |
| Accounting | 1250 | 2500 | 5000 |
| Administrative Salaries | 14500 | 29000 | 58000 |
| Bank Services | 300 | 600 | 1200 |
| Insurance    Liability | 2150 | 2150 | 4300 |
| Medical | 3170 | 6340 | 12680 |
| Work comp | 2500 | 5000 | 10000 |
| Office Supplies&Postage | 315 | 630 | 1260 |
| DTN | 310 | 620 | 1340 |
| AFI Rent | 750 | 1500 | 3000 |
| BMW | 415 | 830 | 1660 |
| Telephone | 600 | 1200 | 2400 |
| Utilities | 300 | 600 | 1200 |
| **TOTAL G & A Expenses** | **26560** | **50970** | **102040** |
| **EBITDA** | **5,753** | **16,993** | **40,260** |

*These numbers are based on assumptions to acquire future business.
**This does not include cattle profit or losses there is no way to project the profit or losses.

6

**EXHIBIT A**
**BUDGET**

| | | | |
|---|---:|---:|---:|
| **OTHER EXPENSES** | | | |
| Amortization | | | |
| Depreciation | 8165.5 | 16331 | 32662 |
| Interest-Wells Fargo | 0 | 0 | 0 |
| Taxes | | | |
| **Total Other Expenses** | **8165.5** | **16331** | **32662** |
| | | | |
| **Net Income** | **(2,413)** | **662** | **7,598** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document described **INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, AND SCHEDULING FINAL HEARING ON USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ___4/26/10___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    Hon. Judge Sheri Bluebond
    U.S. Bankruptcy Court
    255 E. Temple Street, Suite 1482
    Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 4/23/10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- Justin Rawlins – jrawlins@winston.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/26/10 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, AND SCHEDULING FINAL HEARING ON USE OF CASH COLLATERAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ____4/26/10_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Russell Clementson russell.clementson@usdoj.gov
Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                           **F 9021-1.1**

**ADDITIONAL SERVICE INFORMATION** (if needed):

Phillips Cattle Company, Inc.
345 N. Maple Drive, Suite 296
Beverly Hills, CA 90210

Russell Clementson
Office of United States Trustee
725 South Figueroa Street, 26th Fl.
Los Angeles, CA 90017

Bauer Family Trust
Attn: Phil Bauer
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Bauer Family Trust
Joan Bauer Farm Account
Attn: Joan Bauer
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Beth Alexander
1530 5th Street #409
Santa Monica, CA 90401
**20 Largest Unsecured**

Danielle Deutschman
1061 Villa View Drive
Pacific Palisades, CA 90272
**20 Largest Unsecured**

Eleanor Bauer Estate
Attn Judy Coulton
5112 Lakeside Drive
Palm Springs, CA 92264
**20 Largest Unsecured**

Joan Bauer Estate Trust
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Judy Coulton
5112 Lakeside Drive
Palm Springs, CA 92264
**20 Largest Unsecured**

Nationwide Agribusiness
Attn Allen Tyler
PO box 10491
Des Moines, IA 50306-0491
**20 Largest Unsecured**

Phillip Himmelfarb Testamentary
Trust
FBO Joan Bauer
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Phillip Himmelfarb Testamentary
Trust
Attn Sandra Ramalho
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Phillips Himmelfarb Trust
Attn Phil Bauer
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Robert and Ellen Deutschman
Family Trust
Attn Robert Deutschman
1061 Villa View Drive
Pacific Palisades, CA 90272
**20 Largest Unsecured**

Ruth Himmelfarb Great
Grandchildren Trust
Attn: Phil Bauer
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

Sandra B Ramalho Trust
PO Box 477
Carpinteria, CA 93013
**20 Largest Unsecured**

Stacy Bauer
345 N. Maple Dr., Ste 296
Beverly Hills, CA 90210
**20 Largest Unsecured**

CJ Cattle Co.
Attn: Charles Johnson
636 State Street
El Centro, CA 92243
c.johnson@ejgd.com
**20 Largest Unsecured**

Jenny Krashin
c/o Addrienne Krashin
9005 Glen Court
Fairfax, VA 22031
Biga3@cox.net
**20 Largest Unsecured**

Jerome Bauer
345 N Maple Dr. Ste 296
Beverly, Hills, CA 90210
Jcb90064@sbcglobal.net
**20 Largest Unsecured**

Wells Fargo Bank
Attn: Brian Carrico/Ron Hart
PO Box 7674
San Francisco, CA 94120
carricob@wellsfargo.com
hartr@wellsfargo.com
**Secured and 20 Largest Unsecured**

Western Meats DBA Agri Feed
Industries
Attn Phil Bauer
PO Box 728
Imperial, CA 92251
Pbauer1931@aol.com
**20 Largest Unsecured**

Wells Fargo
c/o Randy Rogers
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
rrogers@winston.com
**Secured and 20 Largest Unsecured**

Wells Fargo
c/o Justin E. Rawlins
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
**Secured and 20 Largest Unsecured**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9021-1.1**